IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  1:CR-04-040** |
| | : | |
| **v.** | : | |
| | : | |
| **TYE DAVIS** | : | |

# **M E M O R A N D U M**

## **I.**     **Introduction**

Before the court is a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 by Defendant Tye Davis. The motion has been briefed and is ripe for disposition.

## **II.**     **Background**

Davis was originally sentenced by this court on May 23, 2005 to a term of imprisonment of 210 months. Davis took a direct appeal on May 26, 2005. On February 1, 2008, the United States Court of Appeals for the Third Circuit remanded the case to this court for resentencing pursuant to *United States v. Booker,* 543 U.S. 220 (2005). A resentencing proceeding was held on July 1, 2008 in which this court imposed the original sentence of 210 months. A notice of appeal was filed by Davis on July 29, 2008. On February 2, 2010, the United States Court of Appeals for the Third Circuit affirmed the sentence.

**III.     Discussion**

In the petition pursuant to 28 U.S.C. § 2255, Davis argues that his attorney at his resentencing hearing was ineffective. A claim for ineffective assistance of counsel is governed by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on such a contention, a defendant must demonstrate that "(1) counsel's representation fell below an objective standard of reasonableness, and (2) that the deficient representation was prejudicial to the petitioner." *Id*. at 686. When evaluating whether counsel has satisfied the objective standard of reasonableness, courts must be highly deferential toward trial counsel's conduct. *See id.* at 694. Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim. *See United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999). To satisfy the prejudice prong, a party must show that, but for counsel's errors, the outcome of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

In the first sentencing proceeding, the presentence report did not classify Davis as a career offender; however, the amended presentence report prepared for the resentencing on remand classified Davis as a career offender. Davis claims his counsel was ineffective for not objecting to this classification. This court, however, recognized that there was a mistake in the first sentence by not taking the career offender classification into account. Therefore, at the resentencing on remand, this court explained that it would be unfair to punish Davis with the career offender classification three years after the original sentencing proceeding. This court did not use the career offender classification to determine his second sentence. Davis suffered no prejudice. There was no issue that he was, in fact, a career criminal and had this

fact been considered at the resentencing hearing, he could have received a sentence of 262 to 327 months – significantly higher than the sentence he actually received.

## IV.        Conclusion

Davis's claim lacks merit.  Counsel cannot be found ineffective for failing to raise a meritless claim.  *United States v. Saunders*, 165 F.3d at 253.  The petition filed pursuant to 28 U.S.C. § 2255 will be dismissed.  An appropriate order will be issued.

s/Sylvia H. Rambo  
United States District Judge

Dated:  February 9, 2012.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**       :       **CRIMINAL NO.   1:CR-04-040**
:
**v.**       :
:
**TYE DAVIS**       :

## **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

    1) The motion filed pursuant to 28 U.S.C. § 2255 is dismissed.

    2) This court declines to issue a certificate of appealability.

    3) The Clerk of Court shall close the file.

                                s/Sylvia H. Rambo
                                 United States District Judge

Dated: February 9, 2012.